UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES T. CLARK, ) | |
| ) | |
| ) | |
| v. ) | CAUSE NO. 1:02cr56 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

OPINION AND ORDER

This matter is before the court on a "Writ of Error Audita Querela" filed by the petitioner, James T. Clark ("Clark"), on September 6, 2005. The government responded to the writ on September 21, 2005, to which Clark replied on October 3, 2005.

For the following reasons, the writ will be denied.

Discussion

On May 24, 2002, a criminal complaint was filed against Clark for a violation of 21 U.S.C. § 841(a)(1) - possession with intent to distribute more than five grams of cocaine base "crack". On May 28, 2002, Clark appeared for an Initial Appearance on the criminal complaint before Magistrate Judge Roger B. Cosbey. Clark was ordered detained. On May 30, 2002, a detention hearing was held and Clark was ordered to remain in custody. On June 28, 2002, Clark appeared for an Initial Appearance, Detention Hearing and an Arraignment on the Indictment, and he pled not guilty to the indictment.

On September 11, 2002, Clark, represented by counsel, appeared before Magistrate Judge Cosbey and pled guilty to the lesser included offense of simple possession of cocaine base"crack" in violation of 21 U.S.C. § 844 and in accordance with a Plea Agreement filed that same day. The Plea Agreement contained, among other things, a waiver provision wherein Clark

expressly waived his right to appeal his sentence and not to contest the sentence in any post-conviction proceeding.  The Plea Agreement also provided that the Court had the authority to impose any sentence within the statutory maximum set for the offense.

On September 27, 2002, this court adopted the Report and Recommendation of Magistrate Judge Cosbey, finding Clark guilty of the lesser included offense of simple possession of a controlled substance, in violation of 21 U.S.C. § 844.  On October 21, 2002, Clark appeared before this court on a motion for reconsideration of the detention hearing.  This court granted Clark's motion and ordered Clark be released to the custody of a third-party, post ten-percent of a $10,000.00 appearance bond and be subject to pretrial supervision with electronic monitoring.

A Presentence Investigation Report ("PSR") was prepared noting that Clark's base offense level was 26 and adding two levels under § 2D1.1(b)(1) for possession of a firearm.  Clark received a three-level reduction for acceptance of responsibility, thus his total offense level was 25.  A total of six criminal history points put Clark in criminal history category III.  With an offense level of 25 and criminal history category of III, Clark faced a range of imprisonment of 70 to 87 months.  Neither the government nor the defense had any objections to the PSR.

On December 13, 2002, Clark appeared before this court for sentencing.  Clark had no objections or corrections to the report or addendum.  Clark was sentenced to 70 months imprisonment.  The court recommended that Clark be incarcerated at a correctional institution where he may receive the benefit of a drug treatment program.  Clark did not file an appeal.

On May 27, 2003, Clark filed a motion for relief under 28 U.S.C. § 2255 claiming that he

was denied effective assistance of counsel in that his counsel failed to object to the PSR's two-level enhancement for possession of a firearm. On September 30, 2003, this court denied Clark's Section 2255 petition. On July 13, 2004, Clark filed a motion seeking a sentence reduction entitled "Motion New Rule". On August 24, 2004, this court denied Clark's motion as a successive Section 2255 petition.

In his present "writ of error", Clark states that he

> [F]iles this Common Law Writ of Error Audita Querela attacking the judgement that was correct when rendered but is now rendered infirm by matters arising after the judgement's rendition pursuant to the Supreme Court's recent decision held in United States vs. Booker, 04-104; and United States v. Fan Fan, 04-105, on January 12, 2005.

Although Clark's arguments in support of his writ wander to and fro, the thrust of his arguments is that he should be resentenced because the Supreme Court has held that the Sentencing Guidelines are unconstitutional insofar as they are mandatorily applied.

In response, the government first correctly notes that Clark's writ is actually a second or successive petition under Section 2255. A post-conviction motion that is functionally a Section 2255 motion should be treated as such, no matter what it is labeled. Henderson v. United States, 264 F.3d 709 (7th Cir. 2001). It is clear that Clark's writ of error presents no viable legal theory for a review of his conviction other than 28 U.S.C. § 2255. Thus, his writ is actually a second or successive Section 2255 petition and is governed by the amendments to Section 2255, which were enacted April 24, 1996, as part of Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996. One important amendment requires that any second or successive petition filed under Section 2255 must first be certified by a panel of the Court of Appeals before it can be accepted for filing in the District Court. In the present case, certification has not been

obtained and, thus, the writ must be denied.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

In any event, the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), does not apply retroactively to criminal cases that became final before January 12, 2005. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).

Moreover, as the government points out, any challenge to the original sentence was waived.  In his Plea Agreement at paragraph 12c, Clark agreed that

> the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense as set forth above in paragraph 7 of this Plea Agreement.  with that understanding, defendant expressly waives his right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. Defendant also agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.

Thus it is clear that Clark specifically agreed to this court's jurisdiction and waived his right to challenge his sentence.  See United States v. Williams, 184 F.3d 666, 686 (7th Cir. 1999); United States v. Standiford, 148 F.3d 864, 867 (7th Cir. 1998).   Additionally, at his plea hearing, Clark was specifically asked by this court if he understood that under his Plea Agreement, he was waiving his right to appeal.  Clark acknowledged that he was waiving his right. (Plea Transcript at 13).  The law is clear that the signed Plea Agreement and all statements made by Clark at his hearing are binding upon him.  United States v. Stewart, 198 F.3d 984, 986 (7th Cir. 1999).

<u>Conclusion</u>

Based on the foregoing, Clark's "Writ of Error Audita Querela" is hereby DENIED.

Entered: October 24, 2005.

                                                <u>s/ William C. Lee</u>
                                                William C. Lee, Judge
                                                United States District Court